## Mattie Mathers v. A. H. Morris.

1. INSTRUCTIONS—*Limiting a Recovery to a Written Guaranty Not Sued Upon.*—In an action for a breach of warranty against a dealer in buggies, an instruction is vicious which limits the plaintiff's right to recover to a breach of a written guaranty given by the manufacturers of the buggy, when the plaintiff was seeking a recovery upon a special warranty given by the dealer.

Assumpsit.—Breach of warranty. Appeal from the County Court of McLean County; the Hon. ROLAND A. RUSSELL, Judge, presiding. Heard in this court at the November term, 1900. Reversed and remanded. Opinion filed June 10, 1901.

ROWELL, NEVILLE & LINDLEY and HERRICK & HERRICK, attorneys for appellant.

OWEN & OWEN and WELTY & STERLING, attorneys for appellee.

MR. PRESIDING JUSTICE HARKER delivered the opinion of the court.

Appellant purchased a buggy from appellee for $75 and in payment gave her note for that sum, payable in six months. She claims that she purchased it upon appellee's verbal warranty that it was a first class non-rattler buggy. She kept and used the buggy about five months and then returned it, claiming that it did not fulfill the warranty. She had taken the buggy to appellee several times before to have defects remedied. She demanded the return of her note, which was refused, it having been sold to a third party. She was sued upon the note and paid the judgment which was recovered against her. She brought this action

for breach of the alleged warranty before a justice of the peace. On appeal to the Circuit Court she was defeated and judgment was rendered against her for costs.

The chief ground upon which a reversal is asked is that the court improperly instructed the jury. There was a sharp conflict in the testimony, both as to the nature of the warranty and as to the conflict of the buggy. Complaint is made that the court instructed the jury that if the plaintiff did not return the buggy promptly after discovering the defects and rescind the contract of purchase, she could not recover, whereas it is the law that if there was a warranty as to quality and a breach of it, she could retain possession of the article sold and recover damages for the breach. Appellant is not in a position to complain on that score, because, as shown by her own evidence and instructions asked and given for her, she sought a recovery upon the theory that she had elected to rescind the contract and that the property had been returned and accepted. The instructions for appellee upon that point would have been more accurate, of course, had they been so framed as to apply to that theory of right to recover; but in view of instructions on the other side, appellant can not complain.

The court gave for appellee the following instruction :

" The court instructs the jury that the plaintiff in this case was bound to give the defendant a reasonable opportunity to cure any defect in the buggy in question before she could return it and rescind the contract and sue for the price of the buggy; and even though you should believe from the evidence that the buggy was defective in any particular contrary to the written guarantee in evidence in this case, and that the defendant remedied the defect at the first opportunity, then you must find for the defendant."

This instruction was vicious because it limited the plaintiff's right to recover for a breach of a written guaranty, given by the manufacturers of the buggy, whereas she was seeking a recovery upon a special warranty given her by appellee. She disclaimed any connection with or knowledge of the written guaranty.

For the giving of this erroneous instruction the judgment will be reversed and the cause remanded.